UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDUARDO RAMOS,<br>    *Defendant*. | No. 3:19-cr-123 (JAM) |

### ORDER STRIKING SENTENCING MEMORANDUM OF DEFENDANT EDUARDO RAMOS

Counsel for defendant Eduardo Ramos has filed a sentencing memorandum (Doc. #593) that does not comply with basic filing rules and that reflects counsel's failure to render competent representation. For these reasons, I will order the Clerk of Court to strike defendant's sentencing memorandum from the docket.

Counsel filed the sentencing memorandum on October 14, 2020, one week after it was due. Counsel did not file any accompanying motion for extension of time. *See* D. Conn. L. Crim. R. 1(c) (incorporating D. Conn. L. Civ. R. 7(b)). Rather than file a motion for extension of time, counsel wrote a footnote stating a nonsensical reason for delaying until after the Government's sentencing memorandum. Doc. #593 at 1 n.1.

Counsel filed the sentencing memorandum under seal but without filing an accompanying motion to seal. This was a plain violation of the Court's rules that require in criminal cases the filing of a motion to seal any document proposed to be filed under seal. *See* D. Conn. L. Crim. R. 57(b).

Counsel's sentencing memorandum falsely states that defendant Ramos "has no prior experience with incarceration and no criminal history." Doc. #593 at 7. In fact, the PSR reflects that Ramos served 3 months and 2 days of "jail," that Ramos confirmed this term of

1

imprisonment during his presentence report interview at which counsel was present, and that he is a Criminal History Category II with four prior convictions (PSR ¶¶ 50-56).

Counsel's sentencing memorandum makes illogical and contradictory requests for relief. At some points, counsel requests a below-Guidelines sentence of probation.[1] But at two other points, counsel urges a term of 37 months of imprisonment.[2] It is clear that counsel engaged in little or no effort to review what he wrote before filing the memorandum.

Although counsel's memorandum argues for a sentence of probation, the memorandum states nothing about Ramos's family (including two small children) and whether Ramos has remained employed since the presentence report was filed a year ago. A lawyer of ordinary diligence and competence would know that he must include in a sentencing memorandum any favorable information about the present family and employment circumstances of a client if he is asking a court to impose a below-Guidelines sentence of probation.

At the sentencing hearing, counsel was unable to answer my question about Ramos's current employment. Only by means of my direct questions to Ramos did I learn that Ramos has moved to a new job since the presentence report was filed and that this new job involves far greater responsibility and remuneration than his past employment.

Counsel is highly experienced and has been appointed at public expense under the Criminal Justice Act. I have no doubt that counsel knows of but chose to violate the Court's filing rules. I have no doubt that counsel understands the requirements for truthful, careful, and effective representation but chose to neglect his responsibilities in this case.

---

[1] Doc. #593 at 1, 5, 6 and 8.
[2] Doc. #593 at 2 ("Based on consideration of all the factors set forth in 18 U.S.C. § 3553(a), the Defendant asks the Court to impose an imprisonment of 37 months to be followed by a period of supervised release with conditions that the Court deems appropriate."); *id.* at 7 ("Therefore, the Court should find that a term of 37 months is an adequate term of imprisonment to deter future criminal conduct.").

The Court STRIKES the sentencing memorandum of defendant Eduardo Ramos because of his counsel's failure to comply with basic filing rules and because the sentencing memorandum and counsel's representation of Ramos at sentencing falls below the standard of competent representation. Although Ramos was sentenced to a term of probation, this favorable sentence was not imposed because of but despite the deficient representation of defense counsel.

It is so ordered.

Dated at New Haven, Connecticut, this 22nd day of October 2020.

                                                    /s/ *Jeffrey Alker Meyer*
                                                    Jeffrey Alker Meyer
                                                    United States District Judge